IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JAY HENDERSON** | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| **C.F.C.F.** | : | NO. 20-811 |

## MEMORANDUM

**Savage, J.**                                                                                              **August 31, 2020**

Plaintiff Jay Henderson, proceeding *pro se*, brings this action against the Curran-Fromhold Correctional Facility ("CFCF"). Henderson has also filed a motion for leave to proceed *in forma pauperis*. Because it appears that he is unable to afford to pay the filing fee, we shall grant Henderson leave to proceed *in forma pauperis*. For the following reasons, we shall dismiss his complaint.

### Facts and Procedural History

Henderson alleges that in October of 2018, he was detained at CFCF and placed "in a room with more than two people inside of a closet" and his cell was "over crowded[.]"[1] Henderson also asserts that as a result of being in this "over filled room", he had "fights" with other prisoners.[2] He has sued CFCF.

### Standard of Review

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), we must dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6). *See Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).

---

[1] (ECF No. 2 at 3
[2] (*Id.* at 4.)

The complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  "[M]ere conclusory statements do not suffice."  *Id.*  Because Henderson is proceeding *pro se*, we construe his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## Discussion

Although he does not state the legal basis for his claim, we construe the Complaint to allege a claim for a violation of his civil rights pursuant to 42 U.S.C. § 1983, the vehicle by which federal constitutional claims may be brought in federal court.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).

The only defendant Henderson named in the Complaint is "C.F.C.F", an acronym for the Curran-Fromhold Correctional Facility.  However, Curran-Fromhold Correctional Facility is not a "person" for purposes of § 1983.  *See Edwards v. Northampton Cty.*, 663 F. App'x 132, 136 (3d Cir. 2016) (explaining that the district court "appropriately disposed of" prisoner's conditions of confinement claims against Northampton County Prison on the basis that a prison is not a "person" subject to suit under § 1983) (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)).  Courts in this District have consistently dismissed claims brought against the CFCF as a defendant on the basis that the prison is not a "person" within the meaning of § 1983.  *See, e.g., Frazier v. Philadelphia Prison Soc'y*, Civ. A. No. 19-1762, 2019 WL 1992802, at *4 (E.D. Pa. May 6, 2019) (noting that " . . . CFCF, is not a 'person' under section 1983"); *Taylor v. Pennsylvania*, Civ. A. No.

17-3369, 2018 WL 6574187, at *6 (E.D. Pa. Dec. 12, 2018), *aff'd sub nom.*, *Taylor v. Pennsylvania Dist. Attorneys Office*, Civ. A. No. 19-1542, 2020 WL 748868 (3d Cir. Feb. 14, 2020) (stating that "it is well-established that a prison or correctional facility like the CFCF is not a 'person' subject to suit under federal civil rights laws"); *Keys v. Curran-Fromhold Corr. Facility*, Civ. A. No. 14-1757, 2014 WL 2039678, at *1 (E.D. Pa. May 15, 2014) ("Plaintiff has not stated a claim because a correctional facility such as CFCF, the only named defendant, is not a 'person' subject to suit under the civil rights laws."). Accordingly, the Court will dismiss Henderson's claims against the Curran-Fromhold Correctional Facility with prejudice as amendment on this issue would be futile.[3]

While Henderson has failed to state a plausible claim at this time, the Court is not prepared to find that Henderson cannot, if granted the opportunity, state a plausible claim for relief against the appropriate and relevant defendants. Accordingly, the remainder of

---

[3] In theory, rather than suing the Curran-Fromhold Correctional Facility, Henderson could have named the City of Philadelphia itself as a defendant here since CFCF is not a "person" for purposes for § 1983. However, even construing the instant Complaint liberally and assuming Henderson had named the City as a defendant, the Complaint would still be legally insufficient. In order for liability to attach on behalf of the City of Philadelphia, Henderson would have to allege that the constitutional violation of which he complains occurred as a result of an approved municipal policy or governmental practice or custom. *See Russell v. City of Phila.*, 428 F. App'x 174, 177 (3d Cir. 2011) (citing *Monell v. New York Dep't of Social Serv.*, 436 U.S. 658, 690-91 (1978)). Because Henderson did not allege any facts suggesting that a constitutional violation occurred as a result of an approved municipal policy or governmental practice or custom, Henderson has not alleged a plausible basis for a *Monell* claim against the City of Philadelphia. To the extent Henderson seeks to bring such a claim, it will be dismissed without prejudice.

the Complaint will be dismissed without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), and Henderson will be granted leave to file an amended complaint within thirty (30) days if he wishes to proceed with the case.[4]  Henderson is hereby put on notice that if he fails to file an amended complaint, his case will be dismissed for failure to prosecute.

## Conclusion

For the foregoing reasons, the Court will grant Henderson leave to proceed *in forma pauperis* and dismiss his Complaint as set forth above pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.  However, Henderson will be given leave to file an amended complaint in the event he can state a claim against an appropriate defendant or defendants based on the conditions of his confinement.

---

[4] As set forth *supra*, any amended complaint shall not name CFCF as a defendant because all claims against the prison itself are dismissed with prejudice.